UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDGAR ZENO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-360-RLB** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | **CONSENT** |

**ORDER**

Before the Court is Defendant's Motion to Compel Discovery and Limited Motion to Extend Discovery Deadline. (R. Doc. 31). The deadline for filing an opposition has expired. LR 7(f). Accordingly, the motion is unopposed.

**I.     Background**

On or about August 25, 2023, Edgar Zeno ("Plaintiff") initiated this action in state court against State Farm Fire and Casualty Company ("Defendant"), seeking recovery with respect to property damage caused by Hurricane Ida. (R. Doc. 1-1). Defendant removed the action on September 7, 2024, asserting that the Court can exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1).

On October 8, 2024, substitute counsel enrolled on behalf of Plaintiff. (R. Doc. 24). The Court subsequently set the deadline to complete all non-expert discovery by March 31, 2025. (R. Doc. 28).

On March 11, 2025, Defendant filed the instant Motion to Compel Discovery and Limited Motion to Extend Discovery Deadline. (R. Doc. 31). Defendant seeks an order compelling Plaintiff to respond to written discovery (requests for admission, interrogatories, and requests for production) served on December 3, 2024. (*See* R. Doc. 31-3). After Plaintiff failed to provide timely responses or objections, defense counsel sought to confer with Plaintiff's counsel

on various occasions, ultimately scheduling a discovery conference on February 21, 2025, which Plaintiff's counsel did not attend. (R. Doc. 31-2; *see* R. Doc. 31-7). Furthermore, Plaintiff has failed to file an opposition explaining his failure to provide any written responses or objections to Defendant's written discovery. *See* LR 7(f).

**II.     Law and Analysis**

A party must respond or object to an interrogatory, request for production, or request for admission within 30 days after service of the written discovery. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A); 36(a)(3). This default date may be modified by stipulation between the parties. Fed. R. Civ. P. 29(b). If a party fails to respond fully to interrogatories or requests for production in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

There is no dispute that Plaintiff failed to respond to the discovery requests at issue within the times allowed by the Federal Rules of Civil Procedure. Plaintiff has failed to provide any explanation for his failure to provide timely discovery responses. Accordingly, the Court will grant the Motion to Compel.

Defendant does not specifically seek any relief with respect to the unanswered requests for admission. To be clear, where a party fails to timely respond or object to requests for admission, the matter is deemed admitted. *See* Fed. R. Civ. P. 36(a)(3). Because this rule is self-executing, the Court need not issue any ruling with respect to the requests for admission. *See Giovanni v. Cain*, No. 13-0566, 2014 WL 2084895, at *2 (M.D. La. May 19, 2014).

The Court will compel Plaintiff to respond to Defendant's interrogatories and requests for production. As Plaintiff did not make any timely objections to Defendant's interrogatories and requests for production, the Court finds that Plaintiff has waived his objections to the written discovery requests, with the exception of those pertaining to any applicable privileges or immunities. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckle Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege.").

The Court will, however, allow Plaintiff to object to discovery requests to the extent they prematurely seek information and disclosures (including any expert identities and opinions) prior to specific deadlines set forth in the Court's Scheduling Order. Furthermore, Plaintiff may withhold the production of documents or information for the purposes of seeking an appropriate protective order governing the exchange of confidential information in this action.

The Court will also award Defendant reasonable expenses incurred in bringing the instant Motion to Compel. Rule 37 provides the following:

> **(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

**(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or

**(iii)** other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). Plaintiff has not provided any arguments in support of a finding that Defendant did not attempt in good faith to obtain the discovery at issue or that there are any circumstances that would make an award of expenses unjust. Accordingly, the Court will award reasonable expenses pursuant to Rule 37(a)(5)(A).

Finally, Defendant seeks an extension of the non-expert discovery deadline for the sole purpose of providing time to secure the depositions of Plaintiff and any other witnesses identified in Plaintiff's written discovery responses. Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)).

Here, Defendant has attempted to obtain responses to written discovery requests, but to no avail. In addition, Plaintiff's counsel has not responded to defense counsel's attempt to schedule Plaintiff's deposition. (*See* R. Doc. 31-7). Plaintiff has not opposed the limited extension sought. Accordingly, the Court finds good cause to extend the non-expert discovery deadline for the sole purpose of providing Defendant the opportunity to depose Plaintiff and any identified witnesses. If Defendant cannot secure these depositions by agreement, then Defendant must serve an appropriate Rule 30 deposition notice and/or Rule 45 subpoena to secure the depositions. Furthermore, the parties may agree to conduct additional discovery consistent with Local Rule 26(d)(1).

**III.    Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Compel Discovery and Limited Motion to Extend Discovery Deadline (R. Doc. 31) is **GRANTED** as discussed in the body of this Order. Defendant shall provide complete responses to the interrogatories and requests for production at issue without objections other than those pertaining to any applicable privileges or immunities, or as otherwise detailed above, within **7 days** of the date of this Order.

**IT IS FURTHER ORDERED** that the non-expert discovery deadline is extended to **May 9, 2025** for the <u>sole</u> purpose of allowing Defendant the opportunity to secure the deposition of Plaintiff and/or any witnesses identified by Plaintiff's discovery responses. Non-expert discovery is otherwise closed. All other deadlines remain unchanged.

**IT IS FURTHER ORDERED** that Defendant is entitled to an award of the reasonable attorney's fees and costs incurred in bringing its Motion to Compel, and that Plaintiff and Plaintiff's counsel shall be responsible for such payment. In connection with these awards, the parties are to do the following:

(1) If the parties are able to resolve this among themselves or otherwise agree to a reasonable amount of attorney's fees and costs,[1] Plaintiff and/or counsel shall pay that amount;

(2) If the parties do <u>not</u> agree to a resolution, Defendant may, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs pursuant to Rule 37, setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

---

[1] This Court has previously found that a relatively modest award was reasonable under similar circumstances and that a reasonable award under Rule 37 may be less than the actual fees incurred.

5

(3) Plaintiff shall, within **7 days** of the filing of Defendant's Motion for Fees and Costs, file any opposition pertaining to the imposition of the amounts requested by Defendant.

Signed in Baton Rouge, Louisiana, on April 3, 2025.

                              **RICHARD L. BOURGEOIS, JR.**
                              **UNITED STATES MAGISTRATE JUDGE**